Dear Ms. Johnson:
We are in receipt of your request for an Attorney General's opinion regarding the redistricting of the parish council for the Terrebonne Parish Consolidated Government. We will restate the facts from your request letter.
In 1981, the voters of Terrebonne Parish adopted a Home Rule Charter which consolidated the governing authorities of the City of Houma and Terrebonne Parish into the Terrebonne Parish Consolidated Government (TPCG). The charter provided for a "president-council" form of government comprised of fifteen (15) districts, with one council member to be elected from each district. In July, 1983, the voters of Terrebonne Parish approved a proposition which would amend the parish's home rule charter by redistricting the parish into nine (9) districts and, accordingly, reducing the number of council members from fifteen (15) to nine (9). The proposition further required that any proposed plan be submitted by the parish council to the United States Department of Justice for approval. Specifically, you have requested an opinion as to the following questions:
 1. Do the provisions of La. R.S. 18:532 and 18:532.1 apply to the establishment of precincts carried out pursuant to a complete redistricting of the parish under amendment to its home rule charter?
 2. If the answer above is yes, in changing the existing precincts to accommodate the proposed new district is TPCG limited to 1) dividing precincts into two or more precincts and 2) consolidating parts of adjacent precincts only when the parts are in the same voting district in accordance with R.S. 18:532.1(B); and must any plan be submitted to the secretary of the Senate, the clerk of the House of Representatives, and the commissioner of elections in accordance with R.S. 18:532.1(C)?
We have recently analyzed the powers of a home rule charter form of government in Atty.Gen. Opinion 94-153, which we will reiterate for this opinion.
The Louisiana Supreme Court, in the case of Francis v.Morial, 455 So.2d 1168 (La. 1984), thoroughly reviewed the constitutional provisions pertaining to the powers and functions of home rule charters. The court recognized that Article VI of the 1974 Louisiana Constitution promotes the autonomy of home rule governments by delegating to them broad revocable powers and functions. Section 5 of Article VI sets forth procedures by which a home rule charter may be adopted and authorizes a home rule government to assume any power or function necessary, requisite or proper for the management of its affairs, not denied by general law or inconsistent with the constitution. And Section 6 of Article VI provides that no law shall change or affect the structure and organization or the the particular distribution and redistribution of the powers and functions of such local governments.
Additionally, the court reviewed the provisions of Section 9(B) of Article VI, which provides that, notwithstanding any provision of Article VI, the police power of the state shall never be abridged. This police power has been described generally as "[t]he inherent power of the state to govern persons and things, within constitutional limits, for the promotion of general security, health, morals and welfare." Francis, at 1172.
In general terms, the Supreme Court found that "[S]ection 6 (of Article VI) . . . was intended to prevent the legislature from substituting its judgment for that of the home rule government with respect to the arrangement of the various offices, departments, agencies and elements of the local government, and as to the assignment, allocation or distribution of purposes, work, authority and capacities among them." Id. at 1171.
In conclusion, it is our opinion that the redistricting of the TPCG under the home rule charter provisions is a matter of the organization of the local government that can not be affected by general state law. LSA-R.S. 18:532 and 532.1 are provisions of general state law that, in our opinion, are not applicable to the organizational structure of the Terrebonne Parish Consolidated Government reapportionment plan as implemented under its home rule charter. Therefore, it is not necessary for our office to address your second question.
If you have any further questions in regard to this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL:pb/0291s
Ms. Connie L. Johnson General Counsel Terrebonne Parish Consolidated Government P.O. Drawer 2067 Houma, Louisiana 70361-2067
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL